EDGAR A. LEVY, Landlord, Appellant, *v.* DAVID B. BAUM, Tenant, Respondent.

(Supreme Court, Appellate Term, First Department; February Term — filed April, 1921.)

Municipal Court of the city of New York — summary proceedings — when order should be made before justice before whom proceedings were instituted — statutes — Laws of 1920, chap. 942 — final warrant in " pending proceedings " can only issue upon additional proof.

> Orderly practice requires that a motion to dismiss the petition in summary proceedings in the Municipal Court of the city of New York against a tenant as a holdover, should be made before the justice before whom the proceeding was instituted.
>
> The provision of chapter 942 of the Laws of 1920, in effect September 27, 1920, that no proceeding under section 2231(1) of the Code of Civil Procedure " shall be maintainable " except under certain circumstances therein specified, was not intended to be retroactive in the sense that it should apply to pending proceedings.

Nothing in said statute of 1920 indicates that the legislature intended that the provision in regard to pending proceedings should apply only to those in which a final judgment had already been entered.

While, therefore, pending proceedings properly initiated and sustained by proof sufficient to entitle the landlord to a final warrant under the law as it existed at the time of the trial, may proceed to the entry of the final order of removal, the final warrant may not issue except upon additional proof.

Upon the hearing in a summary proceeding against a tenant as a holdover after the expiration of his term, the landlord consented to give a lease for one year from October 1, 1920, to each of the tenants in the building, at such rental as the court should determine was reasonable, and, on the theory that a final order was directed for the landlord, the testimony was confined to matters relevant to the tenant's application for a stay pursuant to chapter 137 of the Laws of 1920. The trial justice, upon final submission of the case, and two days after chapter 942 of the Laws of 1920 went into effect, handed down an opinion in which he found that the landlord was entitled to a rental from the tenant herein in a certain sum per year. *Held,* that although the petition did not allege the facts necessary to bring the landlord within the exceptions mentioned in said chapter 942, the court was without legal power to enter an order dismissing the proceedings, and the order will be reversed and the motion to dismiss denied, with costs of the motion.

APPEAL by the landlord from an order of the Municipal Court of the city of New York, ninth district, granting the tenant's motion to dismiss the petition of the landlord in summary proceedings.

M. S. & I. S. Isaacs (Stanley M. Isaacs, of counsel), for appellant.

Phillips, Mahoney & Leibel (Jeremiah T. Mahoney, of counsel), for respondent.

LEHMAN, J.    The landlord instituted proceedings against the tenant on the ground that the tenant was holding over after the expiration of his term. The

precept was returnable on the 8th day of September, 1920. The hearing was adjourned till September 15, 1920, and on that day this tenant and other tenants against whom similar proceedings were brought by the same landlord consented in open court that all questions should be eliminated except the question of what was a reasonable rent for the several tenants to pay, and the landlord consented to give a lease for one year from October 1, 1920, to each of the said tenants, at such rental as the court should determine was reasonable. The trial judge thereupon declared that he would take testimony on the theory that a final order was directed for the landlord confining the testimony to matters relevant to the tenant's application for a stay, pursuant to chapter 137 of the Laws of 1920. The case was finally submitted to the court upon all the evidence, and on or about September twenty-ninth the trial judge handed down an opinion in which he found that the landlord was entitled to a rental from this tenant of $1,440 per year. On September 27, 1920, the legislature enacted chapter 942 of the Laws of 1920, which went into effect immediately, and which provided that no proceeding under subdivision 1 of section 2231 of the Code of Civil Procedure " shall be maintainable," except under certain circumstances specified therein. The petition in this case does not allege the facts necessary to bring the landlord within these exceptions, and for that reason the tenant on October 8, 1920, obtained an order to show cause why an order should not be made and entered dismissing the landlord's petition, and all proceedings taken by the landlord. This motion was not made returnable before the justice who heard the evidence, and no final order had been entered in accordance with the opinion previously handed down by that justice. Without referring the matter to the trial justice, an order was

made by the justice before whom the motion was made returnable dismissing these proceedings, and the landlord now appeals from that order.

Obviously orderly practice would have required the justice before whom the motion to dismiss the complaint was made returnable to refer the motion to the justice before whom the proceedings were then pending, but aside from the question of practice involved, the tenant was not entitled to a dismissal of the complaint. There are a number of cases in which the words "maintained" or "maintainable" as used in various statutes have been interpreted by the courts of different states, and in some cases they have arrived at the conclusion that the legislature used these words in the sense of initiate, and in other cases that the legislature used these words in the sense of prosecute to judgment. In the present case, in its final analysis the definition of the word "maintainable" is dependent upon the question of whether the legislature intended this provision of the statute to be retroactive in the sense that it should apply to pending proceedings, and in my opinion the legislature has clearly indicated its contrary intent by making special provision in the same statute for such pending proceedings.

In the final section of chapter 942 of the Laws of 1920, the legislature has provided that: "In a pending proceeding for the recovery of real property in such a city on the ground that the occupant holds over after the expiration of his term, a warrant shall not be issued unless the petitioner establishes to the satisfaction of the court that the proceeding is one mentioned in the exceptions enumerated in this subdivision." If the legislature had intended that all proceedings then pending must be dismissed if the petitioner fails to allege sufficient facts to show that the

proceeding is one mentioned in the exceptions enumerated in that subdivision, or if the evidence produced at the trial prior to the enactment of the statute fails to show such facts, then obviously it was unnecessary to make any special provision in regard to the issuance of the warrant in pending proceedings. There is nothing in the statute to indicate that the legislature intended the provision in regard to pending proceedings to apply only to proceedings in which a final judgment had already been entered, and to place such construction upon the statute would be entirely unreasonable. The petition of the landlord in this case alleges all the facts necessary to obtain a final order under the law as it existed at the time the petition was made, and at the trial the tenant in effect admitted all the facts alleged in the petition. The legislature has made no provision whereby the landlord could amend his petition or furnish the additional proof necessary to bring the proceeding within one of the exceptions enumerated in the statute, except that it has provided that no warrant shall be issued until after such facts have been proven to the satisfaction of the court. The legislature therefore evidently intended that pending proceedings properly initiated and sustained by proof sufficient to entitle the landlord to a final warrant under the law as it existed at the time of the trial, should proceed till the entry of the final order, but that a warrant should not be issued upon such final order except upon additional proof. The court, therefore, had no power to enter an order dismissing such proceedings. In reaching this decision we have not considered the question of whether the final order so entered can result in any practical advantage to the landlord at the present time, or whether such final order when entered will be *res adjudicata* in subsequent proceedings brought by

the landlord, for regardless of such considerations the landlord has an absolute right under the statute to prosecute the proceedings to final judgment.

Order is, therefore, reversed, with ten dollars costs, and the motion to dismiss denied, with ten dollars costs.

**Order reversed, with ten dollars costs.**